**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NICHOLAS DEAN,

        Plaintiff,

v.                                Case No. 3:19-cv-566-J-32JRK

CHARLES EASTERLING, also known as
Abdul Aziz; Nuckyt1920; Crescent
Unmanned Systems, LLC, and
ADVANCE LOCAL MEDIA, LLC, also
known as The Times-Picayune;
NOLA.com; NOLA Media Group; NOLA
Media Group LLC; NOLA Media Group
L.L.C.; Advance Media Southeast LLC,

        Defendants.

_____/

## O R D E R

    This cause is before the Court on the Motion to Strike Appearance by Counsel (Doc. No. 20; "Motion to Strike"), filed October 3, 2019. On August 30, 2019, Defendant Charles Easterling filed a Motion for Katie Schwartzmann to Appear *Pro Hac Vice* (Doc. No. 7; "Motion to Appear <u>Pro</u> <u>Hac</u> <u>Vice</u>"). On September 17, 2019, Defendant Easterling filed a Certificate of Compliance with Local Rule 3.01(g), United States District Court, Middle District of Florida (Doc. No. 16; "Certificate") pursuant to the Court's Order (Doc. No. 12), entered September 13, 2019.  The Certificate indicates Plaintiff opposes the relief requested in the Motion to Appear <u>Pro</u> <u>Hac</u> <u>Vice</u>. Certificate at 2.

    On September 18, 2019, the Court entered an Order (Doc. No. 17) directing Plaintiff to file a response to the Motion to Appear <u>Pro</u> <u>Hac</u> <u>Vice</u> no later than September 27, 2019. Plaintiff failed to comply. Accordingly, the Court entered an Order to Show Cause (Doc.

No. 19) on September 30, 2019 directing Plaintiff to file a response to the Motion to Appear <u>Pro</u> <u>Hac</u> <u>Vice</u> and show cause why it should not be granted.

Apparently in response to the Order to Show Cause, Plaintiff filed the Motion to Strike. It is inappropriate to respond to a motion by filing a motion seeking affirmative relief. Moreover, the Motion to Strike is deficient because it does not contain a memorandum of law as required by Local Rule 3.01(a) that states in pertinent part: "In a motion or other application for an order, the movant shall include . . . a memorandum of legal authority in support of the request . . . in a single document not more than twenty-five (25) pages." Additionally, the Motion to Strike does not contain a certification pursuant to Local Rule 3.01(g) notifying the Court that the parties conferred in good faith regarding the relief requested in the Motion and advising the Court whether Defendants agree to the relief requested.

Based on the foregoing, it is

**ORDERED**:

1.	The Motion to Strike Appearance by Counsel (Doc. No. 20) is **STRICKEN**.

2.	Plaintiff shall have up to and including **October 15, 2019** to file a response to the Motion for Katie Schwartzmann to Appear *Pro Hac Vice* (Doc. No. 7; "Motion") **and** show cause why it should not be granted and why Plaintiff failed to respond to the Motion timely. **Failure to timely file a response will result in the Motion being deemed unopposed in its entirety**.

3.      Any renewed motion to disqualify counsel shall be filed no later than **October 15, 2019**. The motion shall comply with Local Rules 3.01(g)[1] and 3.01(a), United States District Court, Middle District of Florida. **If the reasons for opposing the Motion are the same as the reasons supporting any forthcoming motion to disqualify counsel, Plaintiff need not file a separate motion seeking affirmative relief.**

**DONE AND ORDERED** in Jacksonville, Florida on October 7, 2019.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

bhc
Copies:
Counsel of Record

---

[1]      The parties are advised that the good faith conferral requirement set forth in Local Rule 3.01(g) has been interpreted as requiring the parties to "speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues" prior to filing most motions seeking court intervention. Davis v. Apfel, No. 6:98-cv-651-Orl-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) (unpublished Report and Recommendation) (emphasis added), adopted, No. 6:98-cv-651-Orl-22A (Doc. No. 46).