**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| NICHOLAS DEAN | ) Civil Action No. 3:19-cv-566 |
| Plaintiff, | ) |
| v. | ) |
| CHARLES EASTERLING | ) |
| and | ) |
| ADVANCE LOCAL MEDIA, LLC | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff responds by and through the undersigned Counsel to the Order to Show Cause of 30 September 2019 as follows:

1. On 18 September 2019, the Court issued its Order directing Plaintiff to file a response by 27 September 2019 to the Motion for Katie Schwarzmann to Appear *Pro Haec Vice* (Doc. No. 7) and to show cause why it should not be granted.

2. Plaintiff's Counsel inadvertently and inexcusably missed the notification of this Order in his email and was unaware of it until the Court's Order to Show Cause.

3. On 30 September 2019, the Court issued its Order to Show Cause, again directing Plaintiff to file a response to Ms. Schwarzmann's *Pro Haec Vice* Motion, this time by 04 October 2019.

4. As noted in the Court's Order of 07 October 2019, Plaintiff's Counsel filed a Motion to Strike Appearance by Counsel in response to the Order to Show Cause of 30 September 2019.

1

5. In striking Plaintiff's Motion to Strike Appearance by Counsel, the Court noted that the Motion was an inappropriate response to the Order to Show Cause.

6. The Court directed Plaintiff to respond to Defendant's *Pro Haec Vice* Motion and the Court's Order to Show Cause by today, 15 October 2019.

7. As noted in Plaintiff's Motion to Strike Appearance by Counsel, Plaintiff sought the counsel of the ACLU of Louisiana in May 2017, thereby forming an attorney-client relationship, because of the conduct of Defendant Easterling.

8. Because Plaintiff never waived any conflict of interest, Plaintiff and Plaintiff's Counsel believed that this created an incurable, office-wide conflict of interest in the ACLU, preventing Ms. Schwarzmann representing Defendant Easterling.

9. After receiving the Court's Order Striking Plaintiff's Motion to Strike, Plaintiff's Counsel revisited Florida Bar Rule of Professional Conduct 4-1.18 and a communication from Ms. Schwarzmann to Counsel concerning this issue.

10. In the present matter, Plaintiff unquestionably formed an attorney-client relationship with the ACLU, in satisfaction of subsection (a) of the Rule.

11. Plaintiff never gave consent to waive conflict of interest in satisfaction of subsection (d) of the Rule, as noted in Plaintiff's Motion to Strike.

12. The subsection at issue, then, is (c), which concerns representation of clients with materially adverse interests:

> A lawyer subject to subdivision (b) may not represent a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be used to the disadvantage of that person in the matter, except as provided in subdivision (d). If a lawyer is disqualified from representation under this rule, no lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in the matter, except as provided in subdivision (d).

13. It is clear that Plaintiff Dean and Defendant Easterling have materially adverse interests.

14. The present litigation clearly concerns the same exact matter for which Plaintiff originally sought the counsel of the ACLU.

15. Ms. Schwarzmann works for the ACLU, which means that disqualification of the ACLU *ipso facto* disqualifies Ms. Schwarzmann.

16. However, the issue raised by Ms. Schwarzmann to Plaintiff's Counsel is the language in the Rule reading: "if the lawyer received information from the prospective client that could be used to the disadvantage of that person in the matter."

17. The Comment to the Rule reads in relevant part:

> Even in the absence of an agreement, under subdivision (c), the lawyer is not prohibited from representing a client with interests adverse to those of the prospective client in the same or a substantially related matter unless the lawyer has received from the prospective client information that could be used to the disadvantage of the prospective client in the matter.

18. Plaintiff did not give any information to the ACLU that could be used to his disadvantage; which means that Rule 4-1.18 is not entirely satisfied.

19. In fact, Plaintiff told the ACLU exactly what is outlined in Plaintiff's Complaint, to wit: that Easterling had made false allegations of Plaintiff being a Nazi; that Easterling had falsely alleged that Plaintiff was in league with the Ku Klux Klan because he had attended a protest; and that Easterling had made these false allegations with the specific intent of defaming Plaintiff and having him blacklisted from working as an educator.

20. The ACLU is an organization with a hundred years of history representing both the right-wing and the left-wing in myriad landmark cases nationwide. It is unbelievable to both

Plaintiff and Plaintiff's Counsel that the ACLU would now take a partisan position in choosing which private citizens may exercise their First Amendment rights and which may not.

21. It appears, however, that despite the damage it will do to its own reputation, the ACLU is not technically in violation of Rule 4-1.18 of the Florida Rules of Professional Conduct.

WHEREFORE Plaintiff withdraws his opposition to the *Pro Haec Vice* admission of the ACLU generally and Ms. Schwarzmann specifically, and Plaintiff's Counsel begs the pardon of the Court for his untimely response in this matter.

Dated: October 15, 2019                    Respectfully submitted,

/s/ Augustus Invictus_____
Augustus Invictus, Esq. – Trial Counsel
Florida Bar No. 98586
The Law Office of Augustus Invictus, Esq.
424 E. Central Blvd., Ste. 154
Orlando, Florida 32801
Phone: (310) 824-3725
Email: InvictusPA@protonmail.com
Attorney for Plaintiff