IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

NICHOLAS DEAN,

   Plaintiff,

v.                                                  Case No. 3:19-cv-0566-TJC-JRK

CHARLES EASTERLING, *et al.*,

   Defendants.

_____/

**DEFENDANT ADVANCE LOCAL MEDIA, LLC's RESPONSE TO
UNOPPOSED MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF NICHOLAS DEAN**

      Defendant Advance Local Media, LLC ("Advance Local") respectfully submits this Response to the Unopposed Motion to Withdraw as Counsel for Plaintiff Nicholas Dean. *See* Dkt. 35.

      As Plaintiff's counsel correctly noted, Advance Local does not object to the withdrawal of Plaintiff's counsel so long as Plaintiff does not seek extension of the Court's deadlines with respect to Defendant's Motion to Dismiss with Prejudice, as outlined in the Court's December 9, 2019 Endorsed Order, Dkt. 30. Conditioning counsel's withdrawal on no further delays is consistent with Local Rule 2.03(c), Rules for the United States District Court for the Middle District of Florida, which provides that, "nor shall leave be given to withdraw in any other [non-criminal] case absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay."

      The Court has already provided Plaintiff with generous opportunities to cure his failures to comply with the deadlines provided by the Local Rules and orders of the Court. *See* Endorsed Order, Dkt. 26 (Nov. 4, 2019) (informing Plaintiff that he had failed to timely respond to the pending motions to dismiss and providing an additional month's time to file a response); *see also*

Order to Show Cause, Dkt. 19 (Sept. 30, 2019) (noting that Plaintiff had failed to respond to Defendant Charles Easterling's Motion for Katie Schwartzmann to Appear *Pro Hac* Vice by the Sept. 27, 2019 deadline and providing an additional 7 days to file a response).[1]  The withdrawal of Plaintiff's counsel should not become the occasion for further delay in the adjudication of its Motion to Dismiss with Prejudice.

Advance Local's Reply brief in support of its Motion to Dismiss with Prejudice is due no later than January 6, 2020, and Plaintiff's Sur-reply, if any, is due no later than January 21, 2020. *Id*.  That schedule will afford the Plaintiff ample time to proceed in the case pro se or retain new counsel.

Advance Local therefore respectfully requests that any order the Court enters permitting withdrawal of Plaintiff's counsel provide that, consistent with the Court's December 9, 2019 Order and the Local Rules, Plaintiff must file any Sur-reply to Advance Local's forthcoming Reply, either pro se or through new counsel, no later than January 21, 2020.

Dated:  December 31, 2019

Respectfully submitted,

**BALLARD SPAHR LLP**

*/s/ Charles D. Tobin*
Charles D. Tobin
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone:  (202) 661-2218
Facsimile:  (202) 661-2299
tobinc@ballardspahr.com

*Attorneys for Defendant Advance Local Media, LLC*

---

[1] Plaintiff also failed to comply with the Court's extended deadline.  As the Court noted in a subsequent Order, Plaintiff's Motion to Strike Appearance by Counsel, Dkt. 20, was improper.  *See* Dkt. 21 (Oct. 7, 2019).  The Court generously afforded Plaintiff an additional extension of time in which to file a proper response.  When Plaintiff ultimately filed that response, he withdrew his opposition.  *See* Dkt. 23.

## **CERTIFICATE OF SERVICE**

I certify that on December 31, 2019, I filed the foregoing document via the CM/ECF system, which will distribute a notice of e-filing to all counsel of record in this case.

*/s/ Charles D. Tobin*
Charles D. Tobin
