**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NICHOLAS DEAN,

    Plaintiff,

v.                                            Case No. 3:19-cv-566-J-32JRK

CHARLES EASTERLING and
ADVANCE LOCAL MEDIA, LLC,

    Defendants.

---

# **O R D E R**

Plaintiff Nicholas Dean brings this action against Defendants Charles Easterling and Advance Local Media, LLC ("Advance Local") for defamation, intentional infliction of emotional distress, tortious interference with prospective economic advantage, and assault. (Doc. 1).

Currently before the Court are Easterling's Motion to Dismiss (Doc. 13) and Advance Local's Motion to Dismiss (Doc. 22). Dean filed an Omnibus Response to Defendants' motions to dismiss (Doc. 28). Defendants replied (Docs. 40; 41), and Dean filed a sur-reply (Doc. 45).

## I.    BACKGROUND

On May 7, 2017, Dean attended a public demonstration in New Orleans protesting the removal of confederate monuments. (Doc. 1 ¶¶ 21, 50). At that

time, Dean was employed as principal of Crescent Leadership Academy, a charter school in New Orleans. (Doc. 1 ¶ 134). Three weeks later, on May 25, 2017, Easterling published a post on his public Facebook account with photos of Dean at the May 7 demonstration.[1] (Doc. 1 ¶ 20). Easterling wrote that Dean was aligned with "known white nationalist organizations, such as the Ku Klux Klan, the League of the South, and the Based Stick Man movement." (Doc. 1 ¶23). Easterling also published a video on his public YouTube account of Dean at the demonstration and included an accompanying description stating that at ":22 seconds into the video [Dean] can be seen wearing two rings" that depict a "Nazi SS skull" and a "German Iron Cross." (Doc. 1 ¶¶ 20, 22).

Later that day, Advance Local (owner of the website NOLA.com) published an article entitled "New Orleans principal loses job after wearing Nazi-associated rings in video." (Doc. 1 ¶ 28). The May 25 article quoted Dean as saying he was not protesting for either side in the demonstration and said Dean wore rings that appeared "similar in design" to symbols of white nationalism. (Doc. 1 ¶¶ 31-32). On May 26, 2017, Advance Local published another article entitled "Principal in Nazi gear is gone, just like the monuments he supported." (Doc. 1 ¶ 39). That article referred to Dean's "Nazi paraphernalia" and "racist beliefs," among other information. (Doc. 1 ¶ 40).

---

[1] Easterling is a Louisiana resident who writes online articles under the pseudonyms "Abdul Aziz" and "Nuckt1920." (Doc. 1 ¶ 10).

2

Dean acknowledges that he was terminated from his position as principal at Crescent Leadership Academy but alleges that his date of termination was actually May 30, 2017. (Doc. 1 ¶¶ 25, 134).

Dean claims that statements about his beliefs and attire in the Facebook post, YouTube video, and news articles were false and defamatory. (Doc. 1 ¶¶ 20, 29, 32). He contends that he was not aligned with either side of the monument removal controversy. (Doc. 1 ¶ 35).

Since their original publication, articles and photos of Dean at the demonstration have been published in print and internet editions of various newspapers and radio programs throughout the country.[2] (Doc. 1 ¶ 53). Dean alleges that, "members of the public in the state of Florida viewed Defendant Easterling's May 25, 2017, public Facebook Post and YouTube Video." (Doc. 1 ¶ 54).

After his termination, Dean moved from New Orleans to Jacksonville, Florida and began working in a different field. (Doc. 1 ¶¶ 9, 133). On May 5, 2019, Dean filed a six-count complaint alleging defamation per se (Count I), general defamation (Count II), defamation by implication (Count III),

---

[2] Dean alleges that text and photographic depictions of him have been published in The Huffington Post, The Root, The Daily Mail, Atlanta Black Star, The New Orleans Advocate, The Times-Picayune, NOLA.com, Yahoo Canada, and other news publications, as well as on radio stations WBOK and WWL. (Doc. 1 ¶ 53).

3

intentional infliction of emotional distress (Count IV), tortious interference with prospective economic advantage (Count V), and assault (Count VI). (Doc. 1).

Easterling moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), improper venue under Rule 12(b)(3), and failure to state a claim under Rule 12(b)(6). (Doc. 13). Advance Local moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and failure to state a claim under Rule 12(b)(6). (Doc. 22).

## II.   ANALYSIS

"In Florida, before a court addresses the question of whether specific jurisdiction exists under the long-arm statute, the court must determine whether the allegations of the complaint state a cause of action." PVC Windoors, Inc. v. Babbitbay Beach Const., N.V., 598 F.3d 802, 808 (11th Cir. 2010) (quoting Wendt v. Horowitz, 822 So. 2d 1252, 1260 (Fla. 2002)). Thus, the Court first addresses whether Dean's allegations state cognizable legal claims.

### A. Motion to Dismiss for Failure to State a Claim

Dean brings this action for defamation, intentional infliction of emotional distress, tortious interference with economic advantage, and assault. (Doc. 1).

To state a cognizable defamation claim under Florida law, the plaintiff must show: (1) publication; (2) falsity; (3) that the defendant acted negligently;

(4) actual damages; and (5) that the statement was defamatory.[3] Jews For Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008). In Count I, Dean has alleged that Easterling and Advance Local published content online (Doc. 1 ¶¶ 19, 28, 39) and that some of those statements were false and defamatory (See, e.g., Doc. 1 ¶¶ 22, 25, 32, 42, 84). He states that damages include the loss of his employment. (Doc. 1 ¶ 12). Dean has also alleged that Easterling and Advance Local acted with negligence. (Doc. 1 ¶¶ 106, 136) ("Defendants, in their publications, through gross negligence, failed to properly investigate or fact-check their statements, or purposely, in order to sensationalize their respective publications, misrepresented the facts in their statements about Dean.").

The Court will assume, arguendo, that Dean has stated a claim for defamation. Because one count of his Complaint may survive a Rule 12(b)(6) motion, the Court will address the issue of personal jurisdiction without addressing the other counts.

---

[3] The Court examines defamation under Florida law because Dean alleges that Florida law applies. (Doc. 1 ¶¶ 3, 5-6). However, the Court doubts that Florida law should apply, as explained in the Court's discussion of personal jurisdiction, and Defendants argue that Louisiana law should apply. (Docs. 13 at 14-15; 22 at 12). Notably, the elements of defamation in Louisiana and Florida are essentially the same. See Finnie v. LeBlanc, 2003-1013 (La. App. 3d Cir. Mar. 3, 2004), 875 So.2d 71, 79, on reh'g (July 7, 2004) ("In order to prevail in a defamation action, a plaintiff must necessarily prove four elements: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury.").

5

## B. Motion to Dismiss for Lack of Personal Jurisdiction

"A federal court sitting in diversity jurisdiction undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). The Court must first determine whether the state's long-arm statute is satisfied because the due process issue invokes constitutional concerns. PVC Windoors, Inc., 598 F.3d at 807 (noting that the district court should have addressed the long-arm statute prior to due process).

"In a motion to dismiss for lack of personal jurisdiction, a court must accept the facts alleged in plaintiff's complaint as true, to the extent they are not contradicted by defendant's affidavits." Kim v. Keenan, 71 F. Supp. 2d 1228, 1231 (M.D. Fla. 1999) (citing Cable/Home Comm. Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990)). Once the plaintiff pleads facts sufficient for personal jurisdiction, the burden shifts to the defendant to challenge the plaintiff's allegations with affidavits or other pleadings. Carmouche v. Carnival Corp., 36 F. Supp. 3d 1335, 1338 (S.D. Fla. 2014), aff'd sub nom., Carmouche v. Tamborlee Mgmt., Inc., 789 F.3d 1201 (11th Cir. 2015). If the defendant provides sufficient evidence challenging jurisdiction, the burden shifts back to the plaintiff to prove personal jurisdiction with affidavits, testimony, or

6

documents. Thomas v. Brown, 504 F. App'x 845, 847 (11th Cir. 2013) (quoting Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 627 (11th Cir. 1996)). If the evidence conflicts, the "court must construe all reasonable inferences in favor of the plaintiff." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

### 1. **This Court does not have personal jurisdiction under Florida's long-arm statute.**

Defendants may be subject to personal jurisdiction under the Florida long-arm statute in two ways. First, Florida's long-arm statue subjects non-residents to specific jurisdiction if they commit tortious acts within the state. § 48.193(1)(a)(2), Fla. Stat. (2019).[4] Second, the statute provides for general jurisdiction, stating that if defendants "engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise," then they are "subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." § 48.193(2). Defendants contest both specific and general jurisdiction.

The alleged tortious activity giving rise to Dean's causes of action did not occur in and is not related to the state of Florida. Defendants committed all alleged tortious acts in Louisiana and do not have ties to Florida that relate to the publication of the allegedly offensive material. (Docs. 1 ¶ 11; 22

---

[4] Dean alleges that the Court has specific jurisdiction over Defendants under § 48.193(1)(a)(2). (Doc. 1 ¶ 3).

7

at 14). Absent some other consideration, neither Easterling nor Advance Local is subject to specific jurisdiction for committing tortious acts within Florida. Cf. Knepfle v. J-Tech Corp., 419 F. Supp. 3d 1281, 1287 (M.D. Fla. 2019) (finding that plaintiff adequately pled personal jurisdiction under Florida's long-arm statute when she purchased and used a product distributed in Florida and was injured in Florida).

Notably, however, the alleged tortious acts here involve online publications available to the public. Dean contends that the harm resulting from Defendants' tortious acts was felt in Florida and that "a lawsuit may be maintained in Florida for libelous posting on a website housed elsewhere if the site was accessible to Floridians." (Doc. 1 ¶¶ 3, 5). Accordingly, the Court will address specific jurisdiction in the context of internet activity.

Dean asserts that "[n]onresident plaintiffs can commit tortious acts in Florida from outside the state by virtue of 'telephonic, electronic, or written communications into Florida.'" (Doc. 1 ¶ 6) (citing Internet Solutions v. Marshall, 39 So. 3d 1201, 1208 (Fla. 2010)). In that case, the Florida Supreme Court stated that

> A nonresident defendant commits the tortious act of defamation in Florida for purposes of Florida's long-arm statute when the nonresident makes allegedly defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and accessed in Florida.

8

Id. at 1216. Another federal court in Florida has interpreted Internet Solutions to mean that jurisdiction over a nonresident defendant in an internet defamation case "likely requires that the plaintiff be a Florida resident or a Florida company." Vorbe v. Morisseau, No. 1:14-CV-20751, 2014 WL 12637924 at *4 (S.D. Fla. Aug. 27, 2014). Dean was not a Florida resident until after the events alleged in the Complaint. (Doc. 1 ¶ 133).

Moreover, under the Internet Solutions standard, the Complaint makes only conclusory allegations that the alleged defamatory content was accessed in Florida. (Doc. 1 ¶ 8) ("Dean has made a prima facie showing that Defendants' defamatory statements were accessed by a third party in Florida, as required by Florida law."); (Doc. 1 ¶ 46) ("Defendant Easterling's May 25, 2017 public Facebook Post became available to persons in this district, Florida in general, the United States as a whole, and internationally via the Internet."); (Doc. 1 ¶ 47) ("Defendant Easterling's May 25, 2017 YouTube video became available to persons in this district, Florida in general, the United States as a whole, and internationally via the Internet."); (Doc. 1 ¶ 56) ("On information and belief, members of the public in the state of Florida viewed Defendant NOLA.com's May 25, and May 26 Articles."). Dean fails to allege that any specific person or group in Florida viewed the post, resulting in harm to him.[5] (See Doc. 1). Such

---

[5] Dean claims that "engaging in tortious activity outside Florida that results in injury within Florida, is committing a tortious act in Florida." (Doc. 1

9

conclusory allegations are not enough to give rise to jurisdiction under Florida's long-arm statute. See, e.g., Catalyst Pharms., Inc. v. Fullerton, No. 16-25365-CIV, 2017 WL 6558397, at *6 (S.D. Fla. Aug. 8, 2017), aff'd 748 F. App'x 944, 947 (11th Cir. 2018) (finding allegations that defamatory statements were accessed in Florida was insufficient as a "mere legal conclusion."). The Court cannot exercise specific jurisdiction over Defendants.

Additionally, neither Easterling nor Advance Local has engaged in substantial activities within Florida, and as a result, this Court does not have general jurisdiction. General jurisdiction arises from a defendant's contacts with the forum that are not directly related to the cause of action being litigated. See, e.g., Meier ex. Rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002). Easterling is a resident of New Orleans, Louisiana, who engages in online journalism from Louisiana. (Doc. 4 at 4). He has no Florida connection. (See Doc. 1). Advance Local is a New York corporation with its principal place of business in New York. (Docs. 22 at 14, 17; 22-1). Advance Local has no property, bank accounts, direct investments, or current employees in Florida. (Doc. 22 at 17). Dean fails to allege any contacts between either

---

¶ 7). He relies only on a case in which the plaintiffs were a Florida resident and a Florida corporation. See generally, Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1217 (11th Cir. 1999). Dean was a Louisiana resident at the time of the alleged defamatory conduct. Using this flawed logic, Dean could have sued Defendants in any state in the country where he moved after the allegedly defamatory content was posted.

10

Defendant and Florida apart from general harm from the online posts that form the basis of his causes of action, which will not suffice. (See Doc. 1). This Court lacks both specific and general jurisdiction.

### 2. This Court does not have jurisdiction under the Due Process Clause of the Fourteenth Amendment.

Even if the long-arm statute was satisfied, the Court would find that exercising personal jurisdiction offends due process. "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 283-84 (2014). Accordingly, the Eleventh Circuit employs a three-part test to determine whether exercising specific jurisdiction comports with due process, examining: (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013). The plaintiff must establish the first two prongs, and if the plaintiff does so successfully, the defendant must "make a compelling case that the exercise of

jurisdiction would violate traditional notions of fair play and substantial justice." Id.

Dean's Complaint fails all three prongs of the due process analysis. Dean's only connection to Florida is that he moved to the state following the alleged defamatory conduct in the Complaint and now resides here. (Doc. 1 ¶¶ 9, 133). Defendants have no connection to Florida. (See Docs. 1; 13 at 3; 22 at 6-7; 10). Dean argues that "[t]he State of Florida is the third largest state by population within the entire United States such that a huge and substantial portion of the nationwide harm [from online posts] has occurred in Florida." (Doc. 1 ¶ 4). This is legally insufficient to pass the Eleventh Circuit's test.

Plaintiff has not and cannot allege facts that provide this Court with personal jurisdiction over either Easterling or Advance Local.

## C. Motion to Dismiss for Improper Venue

Easterling also moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue. (Doc. 13).[6] Though the Court is doubtful that venue is proper, having determined that there is no personal

---

[6] Dean alleges that venue is proper under 28 U.S.C. § 1391(b)(3), which states that a civil action may be brought in any judicial district in which the defendant is subject to personal jurisdiction "if there is no district in which an action may otherwise be brought[.]" Doc. 1 ¶ 2; 28 U.S.C. § 1391 (b)(3). Dean presents no reason why he cannot bring suit in the Eastern District of Louisiana.

12

jurisdiction, the Court need not address whether dismissal based on improper venue is required.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Charles Easterling's Motion to Dismiss, (Doc. 13), is **GRANTED** for the reasons stated herein.

2. Defendant Advance Local Media, LLC's Motion to Dismiss, (Doc. 22), is **GRANTED** for the reasons stated herein.

3. This case is **DISMISSED without prejudice**, subject to re-filing in a forum that can exercise personal jurisdiction over Defendants.

4. The Clerk should close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of April, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Counsel of record